**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, | No. CV-24-00563-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor R Milton, | |
| Defendant. | |

Plaintiff Nikola Corporation ("Nikola") filed a Motion to Seal (Doc. 8) regarding unredacted "Stock Activity Reports" they attached under Exhibits G and H to their Application for a Temporary Restraining Order Application (Doc. 5) ("TRO Application"). (*See* Docs. 5-8; 5-10).[1]

The Court's analysis regarding a motion to seal begins with a "strong presumption in favor of [public] access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (explaining the public has a general right of access "to inspect and copy . . . judicial records and documents"). "[A] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1095 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1178)). To meet this burden, a party seeking to file a document under seal must give compelling

---

[1] The Court notes Nikola his filed both the redacted and unredacted versions of Exhibits G and H. (*Compare* Docs. 5-7; 5-9 *with* Docs. 5-8; 5-10); (*see also* Doc. 8 at 1 n.1). The Court assumes Nikola is requesting to seal the unredacted versions at (Docs. 5-8; 5-10).

reasons supported by specific factual findings. *Id.* General allegations of confidentiality, "without further elaboration or any specific linkage with the documents," do not satisfy the moving party's burden. *Kamakana*, 447 F.3d at 1184.

Nikola represents the Stock Activity Reports were "provided by a third-party that Nikola retains for the purposes of providing certain services pursuant to a master services agreement ('MSA') and was derived from that third-party's proprietary analyses of available DTC[2] settlement data tracking the outflows and inflows of trades in Nikola's stock at the broker level during a given day." (Doc. 8 at 3). Nikola argues these documents should be sealed because, according to the terms of the MSA (Doc. 8-1), Nikola has an obligation to the third-party to keep certain non-public information disclosed as confidential. (Doc. 8 at 5 (citing Doc. 8-1 at 3)). Nikola further argues that sealing these documents would not impact the public's ability to understand Nikola's TRO Application. (*Id.* at 6).

The Court agrees that the unredacted versions of the Stock Activity Reports should be sealed. The Stock Activity Reports contain the third-party's non-public proprietary analyses and approximation of broker transactions in Nikola stock occurring at the custodian level during a given time-period. And, documents containing non-public financial information may constitute trade secrets when such information provides economic value and would allow a competitor to gain an advantage in the marketplace if discovered. *See MD Helicopters Inc. v. Boeing Co.*, 2019 WL 2184762, at *2–3 (D. Ariz. May 21, 2019); *see also BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, 2022 WL 1000183, *7 (D. Ariz. Apr. 4, 2022) (finding "good cause exists to seal the parties' proprietary and non-public financial data"). Furthermore, the Stock Activity Reports state that they are "confidential and proprietary advisory report[s]," and were designated by the third-party as "Highly Confidential: Secure Handling and Restricted

---

[2] The DTC, or Depository Trust Company, is "a central securities depository that, among other things, (i) provides electronic record-keeping of securities balances, (ii) acts as a clearinghouse to process and settle almost all corporate, equity, and money market securities in the United States, and (iii) provides brokers and financial institutions with a daily record of net settlement obligations at the end of each day from trading[.]" (Doc. 8 at 2 n.4).

Distribution" when disclosed to Nikola. (Docs. 5-8 at 2; 5-10 at 2). Nikola's interest in keeping the Stock Activity Reports confidential outweighs the public's interest in accessing this part of the record. Therefore, the Court finds that Nikola has demonstrated compelling reasons for sealing the unredacted versions of Exhibits G and H to the TRO Application.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Nikola Corporation's Motion to Seal (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **SEAL** the unredacted versions of the Stock Activity Reports filed under Exhibits H and G at Docs. 5-8; 5-10.

Dated this 20th day of March, 2024.

Honorable Diane J. Humetewa
United States District Judge