**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, | No. CV-24-00563-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor R Milton, | |
| Defendant. | |

On March 27, 2024, the Court denied Plaintiff Nikola Corporation's ("Nikola") request for an order restraining Defendant Trevor Milton ("Milton") from transferring or depleting his assets but granted Nikola's request for expedited discovery. (Doc. 29) (the "March 2024 Order"). Milton was required to respond to Nikola's Court approved discovery requests (*id*. at 12–17) and file a notice of service with the Court by April 3, 2024 (*id*. at 9–11). Milton did so. (Doc. 31). Nikola has since filed a Motion for Sanctions (Doc. 32),[1] representing Milton "fail[ed] to produce a single responsive document," "refuse[d] to comply with Request Nos. 7 and 8, [] made untimely, inappropriate, and baseless objections to Nikola's remaining requests, and—subject to Milton's contemptuous objections—agreed to produce some documents at an unspecified time in the future."

---

[1] Nikola also filed a Third Motion to Seal (Doc. 33) regarding two exhibits to its Motion for Sanctions. Upon review of the proposed exhibits (Docs. 34; 35), they appear to be the same type of Stock Activity Reports that the Court already concluded merits sealing from public access. (*See generally* Docs. 12; 24). Therefore, the Court will grant Nikola's Third Motion to Seal for the same reasons set forth in its March 20, 2024, Order (Doc. 12).

(*Id*. at 5). Nikola thus requests the Court to issue various sanctions,[2] an order directing Milton to immediately comply with the March 2024 Order, and, if Milton fails to comply, "an order to show cause and expedited hearing on why Milton should not be held in contempt of Court for violating the [March 2024] Order and for appropriate coercive sanctions against Milton until he has purged the finding of contempt." (*Id*.) The Court will construe Nikola's Motions for Sanctions as a discovery dispute and direct the parties to file a notice that complies with the Court's discovery dispute procedures.[3]

Accordingly,

**IT IS ORDERED** that Plaintiff Nikola Corporation's Third Motion to Seal (Doc. 33) is **GRANTED**. The Clerk of Court is kindly directed to seal the documents lodged at Docs. 34; 35.

**IT IS FURTHER ORDERED** that Plaintiff Nikola Corporation's Motion for Sanctions (Doc. 32) is **DENIED without prejudice** and construed as a notice of discovery dispute. **No later than 12:00 p.m. on April 15, 2024,** the parties shall meaningfully meet and confer on the alleged deficiencies regarding Defendant Trevor Milton's production of

---

[2] Nikola asks the Court to strike Milton's Responses and Objections and award Nikola's Counsel reasonable attorneys' fees and costs associated with the Motion for Sanctions. (Doc. 32 at 5).

[3] The Court's discovery dispute procedures are as follows:

> The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with Local Rule of Civil Procedure 7.2(j).

For this purpose of this Order only, the Court will permit the parties to file a written summary of up to five pages.

documents and jointly file a written summary of the dispute, not to exceed five pages, that explains the positions taken by each party—namely, why Milton is alleged to have "failed to produce a single responsive document;" why Milton is alleged to have "refused to comply with Request Nos. 7 and 8;" when Milton intends to produce "some" documents; and why Nikola finds Milton's objections to be "untimely, inappropriate, and baseless." The summary shall also include a written certification that counsel have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. Alternatively, if after a meet and confer the parties find that no judicial intervention is required, the parties shall jointly file a status report stating so.

Dated this 10th day of April, 2024.

Honorable Diane J. Humetewa
United States District Judge