**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, | No. CV-24-00563-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor R Milton, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Statement of Discovery Dispute and Status Report (Doc. 39) in connection with the Court's order granting expedited discovery on eight requests for productions ("RFPs")  (Doc. 29 at 17).

**I.     Background**

This action arises out of the parties' underlying arbitration proceedings, where the American Arbitration Association ("AAA") rendered a November 17, 2023, award in favor of Plaintiff Nikola Corporation ("Nikola") and against Defendant Trevor R. Milton ("Milton") for over $165 million due to Milton's breach of fiduciary duties (the "Arbitration Award").  *See generally Nikola Corporation v. Milton*, AAA Case No. 01-21-0017-1964.  To protect its ability to collect on the Arbitration Award, Nikola sought a temporary restraining order that restrained Milton from transferring or depleting his assets. (*See generally* Doc. 5).

In its March 27, 2024, Order (Doc. 29) (the "March Order") the Court denied

Nikola's request for a temporary restraining order (*id*. at 4–9) but granted Nikola's request for expedited discovery relating to its claim for fraudulent transfers under the Arizona Uniform Fraudulent Transfer Act ("AUFTA") (*id*. at 12–17).  Milton was required to respond to Nikola's eight (8) Court-approved RFPs:

1. All documents, communications, and correspondence relating to the Transfer.

2. Documents and communications sufficient to identify the recipient(s) of the Shares resulting from the Transfer, whether entities or natural persons.

3. Documents and communications sufficient to identify the entity(ies) or person(s) maintaining control over the Shares.

4. Documents and communications sufficient to show the ownership, affiliate, representative, or personal relationship, if any, between You and the recipient of the Shares.

5. Documents and communications sufficient to show the ownership, affiliate,

    representative, or personal relationship, if any, between You and the entity(ies) or person(s) maintaining control over the Shares.

6. Documents and communications sufficient to show the value of the consideration You received in connection with the Transfers.

7. Documents and communications relating to any negotiation, discussion, or contemplation of the consideration to be received by You or an entity or another person resulting from the Transfers.

8. Documents and communications sufficient to show the entire extent of Your assets and liabilities, including but not limited to Your monthly income and expenses. For the avoidance of doubt, the relevant time period for this Request is from November 17, 2023 through the date of this Order.

(*Id*. at 17).  The term "Transfers" as used in the RFPs is defined as (1) "the transfer of over 22 million shares of Nikola stock occurring between February 22, 2024 and February 29, 2024," (2) "the transfer of over 7.9 million shares of Nikola stock occurring between

February 29, 2024 and March 6, 2024," and (3) "the transfer of over 7.4 million shares of Nikola stock occurring between March 6, 2024 and March 13, 2024 as described in (Sealed Docs. 5-8; 5-10; 25))." (*Id*. at 12).

Mr. Milton was required to file a notice of service with the Court by April 3, 2024 (*id*. at 9–11), which he did (Doc. 31). Nikola disputes the sufficiency of Mr. Milton's responses.[1]

### III. Discussion

Milton's position is that (1) he adequately responded to RFP Nos. 1–6 by stating he would produce the requested documents subject to the parties negotiating and the Court entering a protective order; and (2) he properly objected to RFP Nos. 7 and 8 on relevance, privilege, proportionality, and privacy grounds. (Doc. 39 at 4–5); (*See also* Doc. 32-3 (Milton's "Responses and Objections to Plaintiff Nikola['s] Expedited Discovery Requests")). Milton further indicated he is willing to negotiate a more appropriate scope for RFP Nos. 7 and 8. (Doc. 32-3 at 11–12). Nikola's position is that the Court, in the March Order, already reviewed and overruled Milton's objections to RFP Nos. 7 and 8 and held that the RFPs were reasonable tailored to Nikola's AUFTA claim. (Doc. 39 at 2 (citing Doc. 29 at 10)). Nikola reasons that Milton's objections are therefore "untimely, inappropriate, [] baseless, and are nothing more than a ploy to further delay" the ordered expedited discovery. (*Id*. at 2–3). The Court agrees with Nikola.

#### A. Milton's Objections to RFP Nos. 7 and 8

To the extent the March Order does not expressly overrule Milton's objections to RFP Nos. 7 and 8, the Court does so here. Milton objected to RFP No. 7 as irrelevant, overly broad, unduly burdensome, and seeking privileged information. (Doc. 32-3 at 11). RFP No. 7 is relevant and narrowly tailored to Nikola's AUFTA claim because it is limited to documents and communications that go to the specific Transfers that took place in February and March and 2024—i.e., the allegedly fraudulent transfers at issue in this case.

---

[1] Nikola initially filed a Motion for Sanctions (Doc. 37), which the Court denied without prejudice and construed as a notice of discovery dispute. (*See generally* Doc. 32).

(*See* Doc. 29 at 12 (definition of "Transfers")).  To the extent Milton finds that a document responsive to RFP No. 7 is otherwise privileged, he may identify that information as required by Federal Rule of Civil Procedure 26(b)(5).[2]

RFP No. 8 goes to documents demonstrating the extent of Milton's assets (*id*. at 17), which Milton objects is irrelevant, unduly burdensome, seeks privileged information, and invades his privacy.  (Doc. 32-2 at 11–12).  The Court finds RFP No. 8 is relevant to Nikola's AUFTA claim because the applicable timeframe spans from November 17, 2023—the date the AAA rendered the Arbitration Award at issue in this case—through the date of the March Order.  (*Id*.)  As stated above, Milton may identify any responsive document that is otherwise privileged as required by Federal Rule of Civil Procedure 26(b)(5).  The Court further finds RFP No. 8 is appropriately tailored in scope because Milton does not expound on how the requests intrude on his privacy any more than the manner in which typical discovery in a civil litigation intrudes upon litigants' private affairs.

The Court will therefore overrule Milton's objections to RFP Nos. 7 and 8 and order Milton to immediately respond to those RFPs.

### B.     Protective Order

The Court notes that both parties represent at least some willingness to negotiate the terms of a protective order, yet disagree on who is responsible for the initial drafting of a protective order.  (*See id*. at 2 n.3 (Nikola stated that "[d]espite *Milton's* insistence upon a court-ordered protective order, counsel for Milton did not contact Nikola after servicing its Responses and Objections to discuss a proposed protective order, nor provide Nikola with a draft proposed protective order for discussion"); *id*. at 5 (Mr. Milton stated that "[r]ather than circulating a protective order to expedite Mr. Milton's production or taking Mr. Milton

---

[2] Federal Rule of Civil Procedure 26(b)(5) provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 25(b)(5)(A).

up on his invitation to meet and confer regarding [RFPs] 7 and 8, Nikola moved for sanctions without any prior notice or attempt at meeting and conferring")). Because the parties are unable to coordinate a productive meet and confer process or agree on the proper way to proceed,

**IT IS ORDERED** that the parties shall meaningfully meet, confer, and jointly file a stipulated motion for a protective order **no later than noon on Monday, April 29, 2024.** If the parties cannot reach an agreement regarding the terms of a protective order, they shall jointly file a notice of discovery dispute and propose their respective proposed protective orders therein **no later than noon on Monday, April 29, 2024**. Alternatively, if after meeting and conferring the parties find that a protective order is no longer necessary, then Defendant Trevor Milton shall immediately and **no later than noon on Wednesday, May 1, 2024**, respond to Plaintiff Nikola's Request for Production Nos. 1–6.

**IT IS FURTHER ORDERED** that any responsive documents the parties stipulate are not subject to a protective order shall be produced by Defendant Trevor Milton **no later than noon on Wednesday, May 1, 2024.**

**IT IS FINALLY ORDERED** that Defendant Trevor Milton's objections to Request for Production Nos. 7 and 8 are **overruled**. Defendant Trevor Milton shall produce any documents responsive to Plaintiff Nikola's Request for Production Nos. 7 and 8 **immediately and no later than noon on Friday, April 26, 2024.**

Dated this 24th day of April, 2024.

Honorable Diane J. Humetewa
United States District Judge