**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation,<br><br>          Plaintiff,<br><br>v.<br><br>Trevor R Milton,<br><br>          Defendant. | No. CV-24-00563-PHX-DJH<br><br>**PROTECTIVE ORDER** |

In accordance with the Court's May 2, 2024, Order (Doc. 48), the Court issues this Protective Order to ensure the parties' confidential information is not put at risk by its necessary disclosure within this litigation.

Accordingly, and with good cause appearing,

**IT IS ORDERED** as follows:

This Order shall govern discovery provided by the Parties and any other party or non-party ("Discovery Material") in connection with the above-captioned action (the "Action") pursuant to the following terms:

1.    If any Party or person who provides or has provided Discovery Material in connection with this Action (the "Producing Party") determines in good faith that such Discovery Material contains or discloses proprietary or non-public information of a commercially, financially or personally sensitive nature such as confidential trade secrets, unpublished financial data, confidential business or products plans, or confidential

customer information, or that it would pose a high risk of competitive harm, the Producing Party may designate specifically identified Discovery Material as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (such material hereinafter referred to as "Confidential Information"). All copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal or otherwise disclose such Confidential Information shall be handled in strict accordance with the terms of this Order.

    a.    A designation of "CONFIDENTIAL" may be made by any Producing Party if, in the good faith belief of such Party and his or its counsel, the disclosure of such information could be harmful to the business or personal affairs of such Party.

    b.    A designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be made by any Producing Party only after such Party has made a good faith determination that the information or documents include or constitute confidential and proprietary information among that considered to be most sensitive and which, if disclosed to the other Party, rather than to his or its counsel, could result in injury or harm to the Producing Party's interests, including but not limited to documents or information containing or referring to trade secrets or other confidential and/or proprietary information, technical research, design documents and business or financial information.

2. Copies and/or originals of Confidential Information that are produced, given or exchanged in connection with this Action shall be designated as such by the Producing Party by stamping or otherwise clearly marking at least on the first page of a document or writing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." When the designation is intended to apply to only a portion of a document or writing, that portion shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. Prior to the disclosure of Confidential Information during a deposition, the Producing Party will have the right to exclude from attendance at the deposition any person

other than the deponent, Outside Counsel, a deposition videographer, and a court reporter. "Outside Counsel" as used in this Order means outside counsel of record in this litigation, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record Information contained or revealed in a deposition, whether in a question, answer, or exhibit, in connection with this Action may be designated on the record as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcripts of testimony and/or exhibits so designated during the deposition may, at the option of any Party, be appropriately marked and bound separately. A Party may also designate information disclosed at depositions as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying counsel for all Parties, in writing, within thirty (30) days of receipt of the transcript of the deposition of the specific pages and lines of the transcript and/or exhibits which contain Confidential Information. All depositions and the exhibits thereto shall be treated in their entirety as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and bear that label for a period of thirty (30) days after receipt by counsel to the deponent of a transcript. Nothing in this paragraph precludes a deponent from reviewing the entirety of his or her transcript and exhibits thereto at any time. Following the initial 30-day period after receipt, in the event the deposition transcripts contain Confidential Information, the originals of the deposition transcripts and all copies of the deposition shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.

4.  The disclosure of Discovery Material without designating it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with Paragraphs 1 or 2 does not constitute a waiver of such right and may be corrected by supplemental written notice at any time, with the effect that such Discovery Material will be deemed Confidential Information from the time it is designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Upon receipt of such a supplemental designation, any party receiving such Discovery Material (the "Receiving Party") that disclosed the Discovery Material prior to its designation as Confidential Information shall

exercise its best efforts to ensure that the Discovery Material, and any information derived therefrom, is treated as Confidential Information in accordance with the terms of this Order.

5.  Confidential Information must not be disclosed by the Receiving Party to anyone other those persons designated within this Order, must be handled in the manner set forth herein, and must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties or by order of this Court.

6.  Discovery Material designated as "CONFIDENTIAL" shall not be disclosed directly or indirectly to persons other than:

    a.  Parties;

    b.  Technical personnel of the Parties with whom Outside Counsel for the parties find it necessary to consult in connection with this Action;

    c.  Stenographic and clerical employees associated with the individuals identified in Paragraphs 6(a) and 6(b);

    d.  Outside Counsel, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Stipulation and Order;

    e.  Outside experts or consultants engaged to assist Outside Counsel specifically in this Action, for use in accordance with this Stipulation and Order, subject to the conditions and procedures listed in Paragraph 8;

    f.  Witnesses or deponents and their counsel, during the course of, or to the extent necessary to prepare for, depositions or testimony, subject to the conditions and procedures listed in Paragraph 8 if not otherwise included in this Paragraph 6;

    g.  Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

    h.  Stenographers and videographers engaged to transcribe or video depositions conducted with respect to this Action;

      i.      This Court and any appellate court and their support personnel; and/or

      j.      Any other person upon order of this Court or with the written consent of the Producing Party.

7.    Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed directly or indirectly to persons other than:

      a.      Outside Counsel, regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) for use in accordance with this Order;

      b.      Outside experts or consultants engaged to assist Outside Counsel specifically in this Action for use in accordance with this Order, subject to the conditions and procedures listed in Paragraph 8;

      c.      Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

      d.      Stenographers and videographers engaged to transcribe or video depositions conducted with respect to this Action;

      e.      This Court and any appellate court and their support personnel; and/or

      f.      Any other person upon order of this Court or with the written consent of the Producing Party.

8.    All persons listed in Paragraphs 6(e), 6(f), and 7(b), above, who are given access to Confidential Information or documents or documents containing Confidential Information, therein, shall first execute a Non-Disclosure Agreement in the form annexed as Exhibit A hereto (the "Agreement"), agreeing in writing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court solely for purposes of enforcement of the terms of this Order, and agreeing not to disclose or use any Confidential Information for purposes other than those permitted herein. Signed Agreements shall be maintained by counsel for the Party responsible for obtaining those Agreements as a condition to giving such persons access to Confidential Information. Notwithstanding Paragraphs 6(e), 6(f), and 7(b) above, Confidential Information may be provided to experts or consultants only

1  to the extent necessary for such expert or consultant to prepare a written opinion, to prepare
2  to testify, or to assist Outside Counsel specifically for this Action in accordance with this
3  Order, and provided that such expert or consultant is using said materials solely for such
4  purposes.

5  9.   Nothing in this Order shall be construed to limit in any way any Party's use of its
6  own Confidential Information, nor shall it affect any person's or entity's subsequent
7  voluntary waiver of its own prior designation with respect to its own Confidential
8  Information.

9  10.   All Confidential Information filed with the Court, and all portions of pleadings,
10 motions or other papers filed with the Court that disclose such Confidential Information
11 shall be filed under seal to the extent permitted by law (including, without limitation any
12 applicable rules of court). To the extent that the Court requires any further act by the Parties
13 as a precondition to the filing of documents under seal (beyond the submission of this
14 Order), it shall be the obligation of the Producing Party of the documents to be filed with
15 the Court to satisfy any such preconditions.

16 11.   Any Receiving Party who objects to any designation of confidentiality may at any
17 time serve upon counsel for the Producing Party a written notice stating with particularity
18 the grounds of the objection. Thereafter, the Parties must confer in good faith regarding
19 such designations. If agreement cannot be reached within fourteen (14) days of the receipt
20 of the written notice, counsel for the Receiving Party may seek Court's assistance in
21 resolving the dispute in accordance with the Court's discovery dispute protocol[1] provided

---

[1] The Court's discovery dispute procedures are as follows:

> The parties shall not file written discovery motions without leave of Court. If a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall **jointly file** (1) a brief written summary of the dispute, not to exceed two pages, with explanation of the position taken by each party and (2) a joint written certification that the counsel or the parties have attempted to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse. If the opposing party has refused to personally consult, the party seeking relief shall describe the efforts made to obtain personal consultation. Upon review of the filed written summary of the dispute, the Court may set an in-court hearing or telephonic conference, order written briefing, or decide

- 6 -

1  that the burden shall be on the Producing Party to justify the claim that the disputed
2  Discovery Material has been properly designated. The designation of Discovery Material
3  as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall
4  remain in full force and effect until the dispute is resolved by agreement of the parties or
5  ruled upon by the Court.

6  12.     Subject to Paragraph 10 hereof, this Order shall not apply to the treatment to be
7  given at any trial or evidentiary hearing to any Confidential Information. Such treatment
8  shall be subject to subsequent order of this Court issued prior to trial.

9  13.     Each person who has access to Confidential Information shall take reasonable
10 precautions to prevent the unauthorized disclosure of such Confidential Information.

11 14.     This Order shall survive the termination of all proceedings in connection with this
12 Action. Within thirty (30) days of the final disposition of this Action (including any
13 appellate proceedings), all Confidential Information and all copies thereof, shall be
14 promptly returned to the Producing Party, or, upon permission of the Producing Party,
15 destroyed. With regard to Confidential Information that has been received electronically
16 and that cannot be returned or destroyed, the Receiving Party must take reasonable
17 measures to ensure that (i) the documents are electronically deleted, including from "trash"
18 files and (ii) unauthorized persons do not have access to Confidential Information resident
19 on the recipient's computer server and back-up media.

20 15.     Confidential Information shall be used solely for the prosecution or defense of this
21 Action. A party that wishes to use Confidential Information and/or Discovery Material
22 designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
23 for a purpose other than the prosecution or defense of this Action must request permission,
24 in writing, from the Producing Party. The Receiving Party's request must identify the
25 Confidential Information that the Receiving Party wishes to use and must identify the
26 purpose for using it. If the parties cannot resolve the question of whether the Receiving

---

the dispute without conference or briefing. If the Court desires supplemental briefing prior to a hearing, counsel will be notified by order of the Court. Any briefing ordered by the Court shall comply with Local Rule of Civil Procedure 7.2(j).

Party can use the Confidential Information for the purpose specified within fourteen (14) days of the Producing Party's receipt of such a request, the Receiving Party may seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute protocol. Any Confidential Information at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

16.  If any Receiving Party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information, the Receiving Party shall give written notice to the Producing Party by email and overnight delivery no later than five (5) business days after receipt of such subpoena or document demand that identifies the Confidential Information sought and encloses a copy of the subpoena or discovery request. Except as ordered otherwise by a court of competent jurisdiction, the Receiving Party shall refrain from producing any Confidential Information in response to such a subpoena or document demand until the earlier of (i) receipt of written notice from the Producing Party that such party does not object to production of the Confidential Information or (ii) resolution of any timely objection asserted by the Producing Party either by agreement or by order of the court with jurisdiction over the objection of the Producing Party. The burden of opposing the enforcement of the subpoena shall fall solely upon the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information covered by this Order, or to subject himself, herself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

17.  A person or entity from whom discovery is sought, or enters an appearance in this Action, may join this Order, thereby becoming an additional Party hereto, by executing and filing a Joinder agreeing to be bound by the terms and provisions of this Order.

18.  A Party needing relief from the provisions of this Order, or who seeks modification of the Order may, if agreement between or among the Parties cannot be reached, seek

appropriate relief from the Court upon notice to the other Parties.

19. Nothing contained in this Order will be construed as: (i) a waiver by a Party of its right to object to any discovery request propounded; (ii) a waiver of any privilege or protection available under the controlling law; or (iii) a waiver of any Party's right to object to the admissibility at trial of any document, testimony or other evidence.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated this 2nd day of May, 2024.

Honorable Diane J. Humetewa
United States District Judge

# **EXHIBIT A**

# **IN THE UNITED STATES DISTRICT COURT**

# **FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nikola Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>Trevor R Milton,<br><br>      Defendant. | No. CV-24-00563-PHX-DJH<br><br>**ORDER** |

I, _____, state that:

1. My address is _____.

2. My present occupation or job description is _____.

3. I have received a copy of the Protective Order (the "Order") entered in the above captioned action on _____.

4. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

7. Pursuant to Paragraph 12 of the Order, I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

8. I hereby submit to the jurisdiction of the United States District Court for the District of Arizona for the purpose of enforcement of the Order in this action.

Dated: _____          _____

                                                                Name:

                                                                Company: