**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, | No. CV-24-00563-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor R Milton, | |
| Defendant. | |

Defendant Trevor R. Milton ("Milton") has filed a Motion for Reconsideration (Doc. 63) with respect to the Court's June 20, 2024, Minute Entry (Doc. 62) ordering that the documents lodged under seal at Docs. 46, 47, and 56 shall be filed and become part of the public record according to Arizona Local Rule of Civil Procedure 5.6(d). Milton urges the Court to reconsider its Minute Entry as to Doc. 56-1 only, and require that document to remain lodged under seal because it is the same document at issue in a pending discovery dispute on Milton's "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO") designations (Doc. 51).[1] (Doc. 63 at 2). For the following reasons, the Court will deny Milton's Motion for Reconsideration but order that Doc. 56-1 remain lodged under seal until the Court resolves the pending discovery dispute.

**I.    Legal Standard**

Local Rule 7.2 provides "[t]he Court will ordinarily deny a motion for

---

[1] The pending discovery dispute (Doc 51) is fully briefed. In accordance with the Court's May 23, 2024, Order (Doc. 52), Milton filed a *Sealed* Memorandum in Support of his AEO Designations (Doc. 58) and Nikola filed a *Sealed* Response Brief (Doc. 60).

reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). The movant must specify "[a]ny new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier." *Id*. This is because "[m]otions for [r]econsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009). Motions for reconsideration should be granted only in rare circumstances. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## II.     Discussion

Milton urges the Court to reconsider its Minute Entry ordering that Doc. 56-1 shall be filed and become part of the public record according to Local Rule 5.6(d). (*See generally* Doc. 63). Local Rule 5.6(d) provides the following procedure for filing a document that has been designated as confidential by a party but when another party disputes the designation:

> [T]he submitting party must lodge the document (or proposed filing) under seal and file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal. *Within fourteen (14) days after service of the notice, the designating party must file and serve either a notice withdrawing the confidentiality designation or a motion to seal and a supporting memorandum that sets forth the facts and legal authority justifying the filing of the document (or proposed filing) under seal.* If the designating party seeks to have the document (or proposed filing) filed under seal, the motion must append (as a separate attachment) a proposed order granting the motion to seal. No response to the motion may be filed. *If the designating party does not file a motion or notice as required by this subsection, the Court may enter an order making the document (or proposed filing) part of the public record due to Defendant's failure to file.*

LRCiv. 5.6(d) (emphasis added).

Here, Doc. 56-1 is a redacted bank statement of Milton that Nikola attached as an exhibit to its Opposition to Milton's Motion to Dismiss (Doc. 56). Before filing its Opposition to Milton's Motion to Dismiss, and in compliance with Local Rule 5.6(d), Nikola filed a "Notice of Lodging Documents Under [S]eal" (Doc. 55) stating that (1) Milton designated Doc. 56-1, among other documents, as AEO; (2) Nikola disagrees that Doc. 56-1 merits AEO designation; and (3) the parties met and conferred in good faith and have been unable to agree on the designations. Nikola also lodged Doc. 56-1 under seal. Despite Nikola's Notice, Milton failed to file a motion that justifies the filing of Doc. 56-1 under seal. In light of Milton's failure to file such a motion, the Court issued its Minute Entry and ordered that Doc. 56-1 become part of the public record, as permitted by Local Rule 5.6(d).

In his Motion for Reconsideration, Milton "acknowledges he should have moved pursuant to Local Rule 5.6(d) out of an abundance of caution." (Doc. 63 at 2). Even so, Milton argues that because his designation of Doc. 56-1 as AEO is presently at issue in the parties' discovery dispute and subject to the Court's *in camera* review, and thus he "did not believe it was necessary to separately move pursuant to Local Rule 5.6(d) to maintain the sealed status of that document." (*Id*. at 2). Milton erred when doing so.

The Court is not responsible for cross-referencing and classifying the parties' case documents. Local Rule 5.6 requires a Notice—which Nikola filed—and then a motion to seal if the classifying party wants to keep the document sealed—which Milton failed to file. Local Rule 5.6 does not require the Court to independently review the documents after a Notice is filed and make a determination for the parties. So, the Court did not commit manifest error when ordering Doc. 56-1 become part of the public record. *See* LRCiv. 5.6(d). Rather, Milton clearly erred when failing to file the necessary motion. *Id*. Nor did Milton make any effort to raise with the Court that Doc. 56-1 is at issue in the pending discovery dispute. For these reasons, Milton's Motion for Reconsideration will be denied. However, the Court will construe Milton's arguments in his Motion for Reconsideration regarding Doc. 56-1 as an untimely motion to seal under Local Rule 5.6,

and excuse Milton's lateness under the circumstances. Doc. 56-1 only shall remain lodged under seal until the Court resolve the parties' discovery dispute, which is ripe for review.

Accordingly,

**IT IS ORDERED** that Defendant Trevor R. Milton's Motion for Reconsideration (Doc. 63) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Trevor R. Milton's arguments in his Motion for Reconsideration as to (Doc. 56-1) is construed as an untimely motion to seal under Arizona Local Rule of Civil Procedure 5.6. The Court will excuse Defendant Trevor R. Milton's lateness under the circumstances as stated herein.

**IT IS FINALLY ORDERED** that Doc. 56-1 shall remain lodged under seal until the Court resolves the parties' pending discovery dispute (*see* Docs. 51; 56; 57).

Dated this 24th day of June, 2024.

Honorable Diane J. Humetewa
United States District Judge