WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, | No. CV-24-00563-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Trevor R Milton, et al., | |
| Defendants. | |

Pending before the Court is the filing of a Joint Discovery Dispute between Plaintiff Nikola Corporation ("Nikola") and Defendant Trevor R. Milton ("Milton"). (Doc. 71). Nikola seeks modification of the parties' Protective Order (Doc. 49) so that it may use documents identified as "Confidential" by Milton in this matter to collect on a $165 million judgment it obtained against Milton in *Nikola v. Milton*, No. 2:23-cv-02635-DJH ("Confirmation Action"). Specifically, Nikola seeks to use a list of Milton's assets so that it may register the judgments in jurisdictions where those assets are located. (Doc. 71 at 2). Defendant Milton argues that modification of the Protective Order is unnecessary and would ignore the reasonable procedures already in place in the Protective Order as it stands. (Doc. 71 at 3). Milton offers no argument as to why Nikola should not be allowed to use the asset list in its collection efforts.

Paragraph 15 of the Protective Order states that

> Confidential Information shall be used solely for the prosecution or defense of this Action. A party that wishes to use Confidential Information and/or Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL

– ATTORNEYS' EYES ONLY" for a purpose other than the prosecution or defense of this Action must request permission, in writing, from the Producing Party. The Receiving Party's request must identify the Confidential Information that the Receiving Party wishes to use and must identify the purpose for using it. If the parties cannot resolve the question of whether the Receiving Party can use the Confidential Information for the purpose specified within fourteen (14) days of the Producing Party's receipt of such a request, the Receiving Party may seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute protocol. Any Confidential Information at issue must be treated as Confidential Information, as designated by the Producing Party, until the Court has ruled on the motion or the matter has been otherwise resolved.

(Doc. 49 at 7–8).

Nikola states "while ¶ 15 of the PO provides a document-by-document mechanism to seek use of such documents in other matters in piecemeal fashion, modifying the PO to permit Nikola to use such documents in aid of execution would maximize efficiencies and relieve any unnecessary burden on the Court's time and resources." (Doc. 71 at 2). Nikola does not expound on how any modification would "maximize efficiencies" nor identify what other documents beyond the list of assets it seeks (or will seek) to aid in its execution efforts. It also does not offer proposed modification language. The request for modification of the Protective Order is therefore denied.

The list of assets produced by Milton, however, is unquestionably relevant to Nikola's execution efforts, and the Court finds good cause to allow Nikola to use the document for that limited purpose. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (stating that litigants in a collateral litigation need to show the relevance of the confidential materials they are seeking). The relevance inquiry hangs on the "degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.*

The document that Nikola is seeking to use is a list of assets produced by Milton. (Doc. 71 at 2). The list includes both real and personal property, the location of that property, and any entities in whose name these assets are held. (*Id.*). As a judgment creditor against Milton, this list is highly relevant as it contains information that will

allow it to fully collect on its judgment. (Doc. 71 at 2). The collection efforts also involve the same parties and has significant factual overlap. *Compare Nikola v. Milton*, No. 2:23-cv-02635-DJH *with Nikola v. Milton*, No. 2:24-cv-00563-DJH. The Confirmation Action was brought by Nikola to confirm its arbitration award against Milton, and the current action seeks to enjoin Milton from fraudulently transferring assets to avoid Nikola's collection efforts. (*Id.*) Further, Milton having already produced the asset list in the Confirmation Action, Nikola would be entitled to it under post-judgment discovery procedures. *See* Fed. R. Civ. P. 69(a)(2). Duplication of these efforts is simply wasteful and unnecessary under these circumstances. *See Foltz*, 331 F.3d at 1132.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Nikola be allowed to use the confidential list of assets produced by Defendant Milton in its collection efforts to locate property, real and personal on that list.

**IT IS FURTHER ORDERED** that Nikola's request to modify the Protective Order is otherwise denied.

Dated this 26th day of November, 2024.

Honorable Diane J. Humetewa
United States District Judge