Troy A. Wallin, Esq. (No. 023522)
Chad A. Hester, Esq. (No. 022894)
WALLIN HESTER, PLC
Rome Towers
1760 E. Pecos Rd., Ste. 332
Gilbert, Arizona 85295
Email: *courtfilings@wallinhester.com*
Telephone: (480) 240-4150
Facsimile: (480) 240-4151

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation, a Delaware corporation,<br><br>　　　　Plaintiff,<br>v.<br><br>Trevor R. Milton and Chelsey Milton, husband and wife,<br><br>　　　　Defendants. | No.: 2:24-cv-0563-DJH<br><br>**DEFENDANTS TREVOR MILTON AND CHELSEY MILTON ANSWER TO AMENDED COMPLAINT** |

COME NOW Defendants, Trevor R. Milton and Chelsey Milton ("Defendants"), by and through undersigned counsel and for their Answer to Plaintiff's Amended Complaint ("Complaint") hereby admits, denies, and alleges as follows:

## **INTRODUCTION**

1. In response to paragraph 1 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

2. In response to paragraph 2 of Plaintiff's Complaint, Defendants deny the same.

3. In response to paragraph 3 of Plaintiff's Complaint, Defendants deny the same.

4. In response to paragraph 4 of Plaintiff's Complaint, Defendants are without sufficient

knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

## PARTIES, JURISDICTION, AND VENUE

5. In response to paragraph 5 of Plaintiff's Complaint, Defendants admit the same.

6. In response to paragraph 6 of Plaintiff's Complaint, Defendants admit that Trevor Milton served as Nikola's CEO until June 2020 and then as its Executive Chairman until September 2020, when he resigned. Defendants admit that Trevor Milton was a member of the Board of Directors until his resignation in September 2020. Defendants deny all remaining allegations of Paragraph 6 for want of knowledge or information sufficient to form a belief with respect to the truth thereof.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendants admit that Chelsey Milton is the wife of Trevor R. Milton. Defendants deny all other claims in this paragraph.

8. In response to paragraph 8 of Plaintiff's Complaint, Defendants admit the same.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

## ALLEGATIONS OF FACT

**I.   The Underlying Arbitration & Judgment Against Milton**

10. In response to paragraph 10 of Plaintiff's Complaint, Defendants admit the same.

11. In response to paragraph 11 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

16. In response to paragraph 16 of Plaintiff's Complaint, Defendants admit the same.

**II.     Milton is Exposed To Considerable Monetary Liability From His Misconduct**

17. In response to paragraph 17 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

18. In response to paragraph 18 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

**III.    Milton Appears to Fraudulently Sell/Transfer Shares of Nikola Stock on the Cusp of Confirmation of the Arbitration Award**

19. In response to paragraph 19 of Plaintiff's Complaint, Defendants deny the same.

20. In response to paragraph 20 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

**IV.   Milton Retains Possession or Control of the Sold/Transferred Nikola Stock Through Intra-Family Transfers Executed to Conceal His Assets From Nikola**

21. In response to paragraph 21 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

22. In response to paragraph 22 of Plaintiff's Complaint, Defendants admit that on April 2, 2024, a deposit for $32,454,972.34 was made in a Mountain America Credit Union bank account which "reflects the consideration for the transfers." Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the remaining allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

23. In response to paragraph 23 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

**V.   Milton Expressed An Unequivocal Intent to Maintain Control of the Shares Through His "Notice of Intent" to Nominate A Slate of New Directors**

25. In response to paragraph 25 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the

allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

26. In response to paragraph 26 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

27. In response to paragraph 27 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

## COUNT I

### Fraudulent Conveyance/Transfer Pursuant to A.R.S. § 44-1004

28. Defendants reallege and reincorporate the above paragraphs as if fully set forth herein.

29. In response to paragraph 29 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

30. In response to paragraph 30 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

31. In response to paragraph 31 of Plaintiff's Complaint, Defendants deny the same.

32. In response to paragraph 32 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

33. In response to paragraph 33 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the

allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

34. In response to paragraph 34 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

35. In response to paragraph 35 of Plaintiff's Complaint, Defendants deny the same.

36. In response to paragraph 36 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

37. In response to paragraph 37 of Plaintiff's Complaint, Defendants are without sufficient knowledge and information to form a belief as to the truth or falsity of the allegations set forth therein and, therefore, deny the same and demand strict proof thereof.

38. Defendants deny all allegations, both singular and plural, which are not otherwise specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's claims may be related to superseding acts.

2. The proximate cause of any injury was not from Defendants' acts or omissions.

3. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff's Amended Complaint fails to name all necessary and related parties to this matter.

5. Plaintiff's Amended Complaint is barred by the doctrine of waiver.

6. Plaintiff's Amended Complaint is barred by the doctrine of estoppel.

7. Plaintiff's Amended Complaint is barred by the doctrine of unclean hands.

8. Plaintiff's Amended Complaint is barred by the doctrine of accord and satisfaction.

9. Plaintiff's Amended Complaint is barred by assumption of risk, contributory negligence, laches, release, statutes of frauds, failure to name all necessary and indispensable parties, statute of limitations, res judicata, collateral estoppel, waiver and/or any other matter constituting an avoidance or affirmative defense under F.R.Civ.P. 8(c).

10. Additional facts may be revealed by future discovery in this action, which may support affirmative defenses presently available to, but unknown by Defendants. Accordingly, Defendants conditionally incorporate by reference and allege each and every affirmative defense and avoidance set forth in F.R.Civ.P. 8(c) and 12.

11. Defendants reserve the right to assert other and additional affirmative defenses as those defenses may become apparent through discovery and litigation.

## **PRAYER FOR RELIEF**

Wherefore, having fully answered Plaintiff's Amended Complaint, Defendants request the following relief:

A. Deny any award for any and all damages in any favor of Plaintiff and against Defendants;

B. Deny judgment in favor of Plaintiff as they are entitled to nothing and award Defendants' reasonable attorneys' fees and costs as may be incurred;

C. For such other and further relief as the Court deems just and proper in the circumstances.

///

///

1  Dated: September 5th, 2025

*/s/ Chad A. Hester*
Chad A. Hester, Esq. #022894
WALLIN HESTER, PLC
1760 E. Pecos Rd., STE 332
Gilbert, Arizona 85295

*Attorney for Defendants*

**Certificate of Service**

I hereby certify that on September 5th, 2025, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Chad A. Hester*
Chad A. Hester, Esq. #022894
WALLIN HESTER, PLC
1760 E. Pecos Rd., Ste. 332
Gilbert, Arizona 85295

*Attorney for Defendants*

9