Amy D. Sells (SBN 024157)
Stephen C. Biggs (SBN 26684)
Mitchell S. Antalis (SBN 037922)
CM Matthew Luk (SBN 037238)
**TB TIFFANY & BOSCO**
P.A.
SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
(602) 255-6000 (PHONE)
(602) 255-0103 (FACSIMILE)
EMAIL: ads@tblaw.com; scb@tblaw.com; msa@tblaw.com; cml@tblaw.com

Troy A. Wallin, Esq. #023522
Chad A. Hester, Esq. #022894
WALLIN HESTER, PLC
1760 E. Pecos Rd., STE 332
Gilbert, Arizona 85295
*Counsel for Trevor Milton and Chelsey Milton*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikola Corporation;<br><br>Plaintiff,<br><br>v.<br><br>Trevor R. Milton, et al.,<br><br>Defendant. | Case No. CV-24-00563-PHX-SHD<br><br>**DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |

A creditor cannot reach marital community property to satisfy a separate obligation incurred by either spouse after marriage. *State ex rel. Indus. Comm'n of Ariz. v. Wright*, 202 Ariz. 255, 257 ¶ 6 (App. 2002). Nikola alleged, and this Court ruled, that the stock at issue in this case is the Miltons' community property. The Judgment is Mr. Milton's sole and separate debt. Nikola therefore cannot reach the stock to satisfy the Judgment. Nikola cannot maintain a fraudulent transfer claim against the transfer of assets it was never entitled to. Because the facts as pled do not entitle Nikola to a remedy, the Miltons are entitled to judgment on the pleadings as a matter of law.

I.      **Allegations accepted as true.**

Nikola initiated an arbitration proceeding against Mr. Milton alone. Doc. 46 at 5 ¶ 10. Nikola obtained an Arbitration Award against Mr. Milton alone. *Id.* at 6 ¶ 15. This Court confirmed the Arbitration Award and entered judgment against Mr. Milton alone (the "Judgment"). *Id.* at 6 ¶ 16; *Nikola v. Milton*, No. CV-23-02635-PHX-DJH (D. Ariz.) Doc. 35, 49.

Nikola did not name Ms. Milton as a party to: the arbitration proceedings, the confirmation proceedings, or the Judgment confirming the Arbitration Award.

In furtherance of its attempt to collect on the Judgment, Nikola filed this lawsuit against the Miltons alleging Mr. Milton fraudulently transferred shares of Nikola stock. Doc. 46 at 1 ¶¶ 1-2 and 12 ¶¶ 28-37. When Ms. Milton moved to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, Nikola claimed the Court had personal jurisdiction over Ms. Milton and she was a necessary defendant because the shares of Nikola stock were community property protected under Arizona law. Doc. 69 at 6-7; *id.* at 6:20-21 ("Nikola's AUFTA claim sounds in tort and is based specifically on the fraudulent transfer of community property -- Nikola stock -- that is subject to Arizona law.").

The Court denied Ms. Milton's motion to dismiss because the "Nikola's evidence, taken together and construed in a light most favorable to Nikola, sufficiently meets its burden of establishing that Chelsey resided in Arizona and acquired property that became community property," *i.e.*, the shares of Nikola stock. Doc. 85 at 23; *id.* at 27 ("Nikola has made a sufficient showing of jurisdictional facts that community property is implicated.").

II.     **Nikola cannot reach community property to satisfy Mr. Milton's separate debt.**

The Judgment is Mr. Milton's separate debt. In Arizona, both spouses must be sued jointly for a debt to be considered community debt. A.R.S. § 25-215(D). Nikola admits, as it must, that it filed the arbitration and subsequent confirmation proceedings against *only* Mr. Milton. Doc. 46 at 2 ¶¶ 1-2, 5 ¶ 10, 6 ¶ 16. Thus, under A.R.S. § 25-215(D), Nikola's failure to jointly sue the Miltons in arbitration means that the resulting Judgment against

2

1  Mr. Milton is his sole and separate debt. *See, e.g.*, *Heinig v. Hudman*, 177 Ariz. 66, 70 (Ct. App. 1993) (holding that judgment entered in arbitration could not be converted into judgment against marital community).

The Nikola stock is (according to Nikola and this Court) the Miltons' community property. For purposes of this Motion, the Court must accept as true that the subject of the fraudulent transfer claim—the Nikola stock—is community property protected under Arizona law. Although Ms. Milton previously denied Nikola's characterization of the shares of Nikola stock as community property,[1] in deciding this Motion, this court "must accept as true all of Plaintiff's allegations and may simply ignore Defendants' denials." *Wolf Designs LLC v. Five 18 Designs LLC*, 635 F. Supp. 3d 787, 793 n.3 (D. Ariz. 2022) (citing *Hoeft v. Tucson Unified School Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992)).

Because community property cannot satisfy an individual debt, the Nikola stock cannot satisfy the Judgment. *State ex rel. Indus. Comm'n of Ariz.*, 202 Ariz. at 257 ¶ 6 (a creditor cannot reach marital community property to satisfy a separate obligation incurred by either spouse after marriage). Consequently, Nikola has no fraudulent transfer claim against the transfer of assets that it was never entitled to. *See, e.g.*, *GAF Corp. v. Diamond Carpet Corp.*, 117 Ariz. 297, 300 (Ct. App. 1977) (denying plaintiff's fraudulent transfer claim because the community property was never subject to levy and thus could be transferred.); *see also SPQR Venture, Inc. v. Robertson*, 237 Ariz. 270, 273 (Ct. App. 2015) (holding that the Uniform Fraudulent Transfer Act does not restrict the transfer of community property not subject to garnishment.); A.R.S. § 44-1001(3) (A "creditor" under a fraudulent transfer claim is "a person who has a claim.").

---

[1] The Nikola stock was held by M&M Residual, LLC, a Nevada limited liability company of which Mr. Milton is the manager and member. *See* Amended Complaint ¶¶ 19-20. M&M has not been adjudicated Mr. Milton's alter ego. Therefore, even assuming the stock is not community property, if the transfer is avoided and the stock reverts to M&M, Nikola still cannot reach the stock to satisfy the Judgment because the stock is held by M&M, not Mr. Milton.

3

1. Moreover, Nikola is time barred from initiating a separate action against Ms. Milton and the Miltons' community property under Arizona and Delaware's statutes of limitation. *See, e.g.*, 10 Del. C. § 8106(a) (applying a three-year statute of limitation for breach of fiduciary duty claims); *see also* A.R.S. § 12-542 (applying a two-year statute of limitation for breach of fiduciary duty claims). In the same vein, the Court should not grant Nikola leave to amend because Nikola cannot change the fact that Ms. Milton was not named as a party in the arbitration hearing or as a Judgment debtor, and Nikola has no claims against the Miltons' community property.

### III. Certification

Before filing this motion, undersigned counsel notified the opposing party of the issues asserted in the motion. The parties were unable to agree that the pleading was curable in any part by an amendment.

### IV. Conclusion

Judgment should be granted in favor of the Miltons and against Plaintiff, Nikola Corporation. No leave to amend should be granted because an amendment would be futile.

RESPECTFULLY SUBMITTED this 26th day of September, 2025.

**TIFFANY & BOSCO P.A.**

By: */s/ Amy D. Sells*
    Amy D. Sells
    Stephen C. Biggs
    Mitchell S. Antalis
    CM Matthew Luk
    Seventh Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016-4237

    Troy A. Wallin, Esq. #023522
    Chad A. Hester, Esq. #022894
    WALLIN HESTER, PLC
    1760 E. Pecos Rd., STE 332
    Gilbert, Arizona 85295
    ***Attorneys for Trevor Milton and Chelsey Milton***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

| | |
|---|---|
| Marc E. Kasowitz (admitted *pro hac vice*)<br>Daniel J. Fetterman (admitted *pro hac vice*)<br>Thomas J. Amburgy (admitted *pro hac vice*)<br>Fria Kermani (admitted *pro hac vice*)<br>KASOWITZ LLP<br>1633 Broadway<br>New York, NY 10019<br>MKasowitz@kasowitz.com<br>DFetterman@kasowitz.com<br>TAmburgy@kasowitz.com<br>fkermani@kasowitz.com | Troy A. Wallin, Esq. #023522<br>Chad A. Hester, Esq. #022894<br>WALLIN HESTER, PLC<br>1760 E. Pecos Rd., STE 332<br>Gilbert, Arizona 85295<br>courtfilings@wallinhester.com<br>c.hester@wallinhester.com<br>twallin@wallinhester.com |
| Amy Wilkins Hoffman (SB# 022762)<br>FROST LLP<br>3200 N Central Ave., Ste. 1200<br>Phoenix, AZ 85012<br>amyh@frostllp.com<br>***Attorneys for Plaintiff*** | Shahzeb Lari (admitted *pro hac vice*)<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, NY 10004<br>terence.healy@hugheshubbard.com<br>shahzeb.lari@hugheshubbard.com<br>***Attorneys for Trevor Milton*** |

*/s/ Amy D. Sells*

5